Case 4:14-cv-05125-MKD    Document 27    Filed 11/30/15

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 30, 2015

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| URMA DONVAN-TERRIS,<br><br>        Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>        Defendant. | No. 4:14-cv-05125-JPH<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-motions for summary judgment. ECF No. 18, 23. The parties have consented to proceed before a magistrate judge. ECF No. 8. After reviewing the administrative record and the parties' briefs, the court **grants** plaintiff's motion for summary judgment, **ECF No. 18**.

## JURISDICTION

Plaintiff applied for supplemental security income (SSI) on August 4, 2010. She alleged onset beginning February 1, 2010 (Tr. 162-63). Benefits were denied initially and on reconsideration (Tr. 86-89, 90-91). ALJ Moira Ausems held a hearing on January 9, 2013 (Tr. 36-83) and issued an unfavorable decision on April 26, 2013 (Tr. 19-31). On October 30, 2014, the Appeals Council denied review (Tr. 1-5). The matter is now before the Court pursuant to 42 U.S.C. § 405(g).

ORDER - 1

Plaintiff filed this action for judicial review on December 30, 2014. ECF No. 1, 4.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the parties' briefs. They are briefly summarized here and as necessary to explain the court's decision.

Plaintiff was 35 years old when she applied for benefits. She has a GED and no past work, although she cared for her spouse prior to their divorce. Eventually her own physical condition necessitated lying down for two to three hours at a time when she was his caregiver. Plaintiff alleges disability based on fibromyalgia, degenerative joint disease of the knees, rheumatoid arthritis, migraine headaches, depressive disorder NOS and anxiety disorder NOS (Tr. 30, 48, 53). On appeal Plaintiff alleges the ALJ erred when she weighed the evidence and assessed credibility. ECF No. 18 at 7.

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423 (d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process

ORDER - 2

or determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. §404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the

ORDER - 3

performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress limits the scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

At step one ALJ Ausems found Plaintiff did not work at SGA levels after she applied for benefits (Tr. 21). At steps two and three, she found Plaintiff suffers from mild degenerative joint disease in the knees; fibromyalgia; migraine headaches; rheumatoid arthritis versus other inflammatory arthritis; depressive disorder NOS and anxiety disorder NOS, impairments that are severe but do not meet or medically equal a listed impairment (Tr. 21). The ALJ found Plaintiff less than fully credible. She found Plaintiff has the residual functional capacity to perform a range of light work (Tr. 24, 26). At step four, the ALJ found Plaintiff has no past relevant work (Tr. 29). At step five, relying on a vocational expert's testimony, the ALJ found there are other jobs Plaintiff can perform (Tr. 30-31). Accordingly the ALJ concluded Plaintiff was not disabled from the application date through the date of the decision (Tr. 31).

## ISSUES

Plaintiff alleges the ALJ failed to erred when she weighed the evidence, assessed credibility and determined her residual functional capacity. ECF No. 18 at 7. The Commissioner responds that Plaintiff fails to meet her burden of showing prejudicial error and, because substantial evidence supports the ALJ's decision, she asks the Court to affirm. ECF No. 23 at 1-2.

ORDER - 5

# DISCUSSION

*A. Opinion evidence*

Dr. Chau

Plaintiff alleges the ALJ should have credited the February 2013 opinion of treating rheumatologist Wing Chau, M.D., that Plaintiff must lie down during the day, would likely miss four or more days of work a month, experiences fatigue, migraine headaches and poor sleep and has a fair to poor prognosis. ECF No. 18 at 7, Tr. 449-50. The Commissioner responds that the ALJ's reasons for giving this opinion little weight are legally sufficient. The ALJ rejected this opinion because Dr. Chau only treated Plaintiff on two occasions, the doctor failed to list the number of positive tender points to support the fibromyalgia diagnosis and the opinion is inconsistent with his own clinical findings. ECF No. 23 at 11-12, Tr. 29. The Commissioner acknowledges the ALJ erroneously found Dr. Chau was not a treating source. She alleges that because the ALJ's reasoning is otherwise specific, legitimate and supported by substantial evidence, the error is harmless. ECF No. 23 at 12-13.

The Court agrees with Plaintiff. The ALJ's reasons are not legally sufficient and are unsupported by the record. The resulting error is harmful.

Dr. Chau was clearly a treatment provider. He record shows he treated Plaintiff on at least three occasions: October 25, 2012, a missed appointment is noted November 8, 2012, January 13, 2013 and January 22, 2013 (Tr. 410, 449).

In support of the ALJ's determination, the Commissioner cites *Batson* as "holding that a court need not uphold all of the ALJ's reasons for discounting a claimant's credibility." ECF No. 23 at 13, citing *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). This does not apply to weighing the opinion of a treating doctor. The Commissioner also cites *Carmickle* as "upholding an ALJ's determination, although two of the ALJ' reasons were invalid." ECF No.

23 at 13, citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008). Again, different standards apply to weighing Plaintiff's credibility and weighing the opinion of a treating doctor. Compare *Lester v. Chater*, 81 F.3d 821 (9th Cir. 1995) (a contradicted opinion by a treating doctor may only be rejected for reasons that are specific, legitimate and supported by substantial evidence) with *Carmickle*, 533 F.3d at 1160 (claimant's credibility determination must be based on clear and convincing reasons). Moreover, under certain circumstances, the Court may be required to credit as true the opinion of a treating doctor the ALJ has improperly discounted. CITE

Dr. Chau was the second treating rheumatologist who diagnosed fibromyalgia. On March 1, 2012, J. Chad Byrd, M.D., diagnosed fibromyalgia, undifferentiated connective tissue disease and high-risk medication use. Dr. Byrd noted 12 of 18 tender points (Tr. 313). Because another rheumatologist previously made the diagnosis using the tender point scale, it makes little sense to reject the later treating doctor's, Chau's, opinion because he failed to specify the number of tender points.

The ALJ's final reason, that Dr. Chau's February 2013 opinion is inconsistent with his own findings (Tr. 29) is not supported by the record. The ALJ cites Dr. Chau's reported findings on October 25, 2012 (Tr. 412). However, these findings include "She was tender to palpitation of the anterior secondary intercostal space, under the occiput, L5 junction and bilateral medial knees." This is fully consistent with Plaintiff's fibromyalgia diagnosis. The ALJ's belief that these findings are inconsistent with Chau's opinion (that plaintiff's fibromyalgia requires her to lie down during the day, she may miss four or more days of work each month due to her fluctuating condition, work on a regular and continuous basis could possibly cause her condition to deteriorate and her prognosis is fair to poor) is mistaken. In addition, the ALJ did not appear to recognize that because Chau is a

ORDER - 7

specialist, his opinion is owed greater deference as a matter of regulation. *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014); *see* 20 C.F.R. § 404.1517(c)(5).

<u>Dr. Byrd</u>

When Dr. Byrd began treating Plaintiff in July 2010, he diagnosed depression in addition to the physical diagnoses (Tr. 235). In addition, in July 2010 treatment provider Deborah Rogers, ARNP assessed diffuse arthralgias consistent with fibromyalgia (Tr. 234). In September 2010 Plaintiff was hospitalized with radiating shoulder pain (Tr. 246). In August and September 2010 knee swelling is noted on exam by Ms. Rogers (Tr. 249, 254). In October 2010 Dr. Byrd changed Plaintiff's medication (Tr. 260). Plaintiff saw Ms. Rogers for right hip pain in April 2011 (Tr. 275). The ALJ purports to give significant weight to Dr. Byrd's April 2012 opinion plaintiff can perform light work (Tr. 28, 329). However, this is simply a check box form with no stated basis for the opinion.

When the ALJ incorporated Dr. Chau's limitations in an RFC presented to the VE, the VE testified these impairments, particularly missing four days of work per month, would prevent work (Tr. 81).

<u>Dr. Martinez</u>

Plaintiff points out examining doctor David Martinez, M.D., opined in February 2012 that Plaintiff was unable to participate in training or employment activities for twelve months (Tr. 341-42). The ALJ purported to give Dr. Martinez's report significant weight, yet rejected this part of the opinion because it "applies to Department of Social and Health Services only" (Tr. 28). The ALJ is mistaken. There is nothing in the form itself or added by Dr. Martinez that would so limit *only* this portion of his opinion.

The ALJ rejected the April 2011 opinion of treatment provider Christy Chantharath, ARNP, as inconsistent with normal x-rays and other findings, such as neurological integrity, that are not probative of fibromyalgia symptoms or

ORDER - 8

limitations (TR. 28-29).

### Dr. Kouzes

With respect to psychological limitations, the ALJ rejected the opinion of Jan Kouzes, Ed.D., who examined Plaintiff in October 2011 (Tr. 29, 322-27). Dr. Kouzes opined Plaintiff "is likely to be able to sustain part-time employment at a sheltered, flexible work environment where she could be trained for simple, repetitive tasks" (Tr. 325). This is equivalent to saying, for purposes of determining disability, Plaintiff is disabled (i.e., one must be able to work full time in a competitive work environment to be deemed able to work). Dr. Kouzes assessed moderate (defined as significant) interference in the ability to work caused by depressed mood and anxiety (Tr. 323). Dr. Kouzes opined Plaintiff would be moderately (significantly) limited in the ability to maintain appropriate behavior in a work setting, among other moderate and marked limitations (Tr. 325). The ALJ rejected this opinion, without specifically citing Dr. Kouzes's conclusion, because Plaintiff has attended church and children's school functions and gets along with authority figures (Tr. 29). The Court does not find these are legitimate reasons supported by substantial evidence for rejecting the examiner's conclusion Plaintiff is unable to sustain work full time in a competitive environment.

### *B. Credibility*

To aid in weighing the conflicting medical evidence, the ALJ evaluated Plaintiff's credibility. Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005). It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent

ORDER - 9

reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reason for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Plaintiff challenges the ALJ's negative credibility assessment. ECF No. 18 at 20-28, Tr. 25-27. The Commissioner responds that the ALJ's reasons (inconsistent statements about symptoms and functioning, failure to seek mental health treatment and subjective complaints inconsistent with objective medical evidence, including symptoms controlled with treatment) are clear and convincing. ECF No. 23 at 3, 5-10.

The Court disagrees.

The inconsistent statements the ALJ points to include Plaintiff's inability to work due to chronic knees, hips, shoulders and lower and upper back pain which caused her be bedridden on bad days and only able to make it from the bed to the bathroom on good days (Tr. 25, 59). Plaintiff testified she could sit for thirty minutes and stand ten to twenty minutes before needing to change position. The ALJ found this inconsistent with some of the activities Plaintiff described, including caring for her disabled ex-husband until April 2011, which involved cooking, cleaning, helping him out of bed and assisting with dressing and bathing (Tr. 25, 44). She reported caring for her daughter in October 2010 (Tr. 202-03). [At the hearing her daughter was almost eleven years old.] She shopped for groceries, went to the library and went to the movie theater (Tr. 61).

When the record as a whole is considered, these statements are consistent. Plaintiff testified that, although she cared for her husband, by late 2010 or early 2011 her own pain had become so severe that she had to lie down for two to three hours daily after assisting him (Tr. 51-53). She testified that with any activity such as going to the library she can only be out for a couple of hours before she

ORDER - 10

experiences increased back pain (Tr. 51, 61-62, 66).

The ALJ also relied on complaints inconsistent with objective medical evidence, including symptoms controlled effectively with medication. The record does not support the ALJ's reason.

At times medications have helped, but never consistently alleviated, Plaintiff's fibromyalgia pain. (Tr. 58, 66-71).

The ALJ errs in relying on imaging and other standard test results because these tests are not indicative of fibromyalgia. The specialists who treated and examined Plaintiff diagnosed fibromyalgia based in part on tender points, as is normal in making this diagnosis.

Because the ALJ did not provide clear and convincing reasons for excluding the effects of pain and likely absenteeism from her RFC assessment, substantial evidence does not support the assessment. *See Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) ("Because … the ALJ had no clear or convincing reasons for rejecting [claimant's allegations of persistent disabling pain], claimant's pain should have formed a part of the ALJ's question to the expert").

The ALJ's reasons for finding Plaintiff less than credible are not clear and convincing, nor are they supported by the record. Her reasons for failing to credit Dr. Chau's and Dr. Kouzes' assessed limitations are not supported by the record. The question presented to the VE failed to include all of the limitations supported by the evidence. The errors are harmful.

When the evidence is properly credited, it is clear Plaintiff is disabled and the case should be remanded for an immediate award of benefits.

## CONCLUSION

After review the Court finds the ALJ's decision is not supported by substantial evidence and contains legal error.

**IT IS ORDERED**:

ORDER - 11

1. Plaintiff's motion for summary judgment, **ECF No. 18**, is **granted. The case is reversed and remanded for an immediate award of benefits.**

2. Defendant's motion for summary judgment, ECF No. 23, is denied.

The District Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of plaintiff and **CLOSE** the file.

DATED this 30th day of November, 2015.

*s/James P. Hutton*

JAMES P. HUTTON

UNITED STATES MAGISTRATE JUDGE

ORDER - 12